**In the Matter of Jennifer L. MEISNER, Debtor.**

**Bankruptcy No. BK92–41259.**

United States Bankruptcy Court, D. Nebraska.

June 1, 1993.

James Nisley, North Platte, NB, for debtor.

Robert Metcalfe, U.S. Dept. of Justice, Washington, DC, for U.S./I.R.S.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

I conclude that this Chapter 13 bankruptcy case should be dismissed because it was filed in bad faith. The motion to dismiss filed by the United States on behalf of the Internal Revenue Service will therefore be sustained.

 A Chapter 13 bankruptcy case may be dismissed if it is not filed in good faith. A court must consider the totality of the circumstances in determining whether a case should be dismissed for lack of good faith. A court may take into account a wide variety of factors when considering the totality of the circumstances, including, without limitation, (1) whether the debtor has stated her debts and expenses accurately, (2) whether the debtor has made any fraudulent misrepresentations, and (3) whether the debtor has unfairly manipulated the Bankruptcy Code. *See Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir.1987). Bankruptcy provides a federal remedy and safe harbor for poor but honest debtors by permitting reorganization of their financial affairs and a fresh start. *See Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991); *In re LeMaire*, 898 F.2d 1346, 1352 (8th Cir.1990). However, the bankruptcy petition must be filed in good faith. This means that Chapter 13 bankruptcy petitions must be filed with a sincere effort to repay creditors. *In re Schaitz*, 913 F.2d 452, 454 (7th Cir.1990).

## FINDINGS OF FACT AND DISCUSSION

 In considering the facts and circumstances of this case, I conclude that the bankruptcy petition was not filed in good faith. I find the following facts persuasive on this question.

1. The debtor filed the bankruptcy petition after the Internal Revenue Service attempted to levy upon a federal tax lien.

2. The debtor is solvent even when the tax claims of the United States are taken into consideration.

3. The bankruptcy schedules and statement of affairs filed in this case omit and fail to disclose (i) that the debtor made a prepetition transfer or payment for the benefit of her mother; and (ii) that the debtor had made other payments to an insider within the year preceding bankruptcy.

4. After filing the bankruptcy petition, the debtor received royalty income which she deposited in a checking account that belonged to her mother. The funds were used post-petition to pay an outstanding mortgage on a home which was purchased in the name of the debtor's mother. To the extent that the royalty income was earned or payable on the date that the bankruptcy petition was filed, the royalty income constituted property of the bankruptcy estate. Since this is a Chapter 13 case, royalty payments made after the petition was filed constitute property of the estate as well. *See* 11 U.S.C. § 1306 (1993).

5. The debtor has not filed a plan of reorganization which is confirmable under § 1325. Not only does the plan propose to pay the IRS less than the amount that it is entitled to be paid, but not all of the debtor's disposable income is used to fund the plan. Although the debtor's income has ranged between $75,000 and $200,000 per year, the initial plan of reorganization proposed to pay the trustee less than $1,000.00 per month.

6. The debtor failed to file income tax returns from 1987 to 1991.

In summary, this is a Chapter 13 case filed by a solvent debtor. The filing of the bankruptcy petition is solely referable to an attempt by the debtor to prevent the Internal Revenue Service from levying upon a tax lien. The tax liability arose from the

debtor's failure to file income tax returns between 1987 and 1991. Considering all of these factors, I conclude that this Chapter 13 case was not filed in good faith and that it should be dismissed.

A separate order will be entered dismissing this case.